**Marisa BAUTISTA, on behalf of herself, all those similarly situated and the general public, Plaintiff–Appellee,**

v.

**PARK WEST GALLERY, a Michigan Corporation, DBA Park West, DBA Park West at Sea, Defendant–Appellant.**

**Marisa Bautista, on behalf of herself, all those similarly situated and the general public, Plaintiff–Appellee,**

v.

**Park West Gallery, Inc., a Michigan Corporation, DBA Park West, DBA Park West at Sea, Defendant–Appellant.**

Nos. 09–55772, 09–55773.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2010.

Filed July 19, 2010.

Matt C. Bailey, Esquire, Shawn Khorrami, Esquire, Dylan Pollard, Bevin Elaine Allen, Khorrami Pollard & Abri LLP, Los Angeles, CA, Norman Pine, Esquire, Pine & Pine, Sherman Oaks, CA, for Plaintiff–Appellee.

Lawrence Perry Bemis, Lauren Bemis Browne, Stearns, Kim & Stearns, Torrance, CA, Robert K. Burlington, Esquire, Paul Schwiep, Esquire, Morgan Swing, Esquire, Office in the Grove, David John Zack, Esquire, Coffey Burlington, Miami, FL, for Defendants–Appellants.

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

Before: TROTT and W. FLETCHER, Circuit Judges, and MAHAN,* District Judge.

## MEMORANDUM **

Park West Gallery appeals from the district court's denial of attorney's fees and costs. Park West moved for attorney's fees and costs after Marisa Bautista's first action asserting contract claims against Park West was dismissed for lack of personal jurisdiction and her subsequent action was dismissed on the basis of collateral estoppel on the issue of personal jurisdiction. The district court held that Park West was not a prevailing party under California Civil Code § 1717 because the dismissal did not finally resolve Bautista's contract claims. We affirm.

A district court's decision to deny attorney's fees and costs is reviewed for an abuse of discretion. *Berkla v. Corel Corp.,* 302 F.3d 909, 917 (9th Cir.2002). Underlying findings of fact are reviewed for clear error, while questions of law are reviewed de novo. *Id.*

The district court did not abuse its discretion by determining that Park West was not a prevailing party on the contract claim. *See* Cal. Civil Code § 1717; *Hsu v. Abbara,* 9 Cal.4th 863, 876, 39 Cal.Rptr.2d 824, 891 P.2d 804 (1995). Park West did not obtain a "simple, unqualified win." *Hsu,* 9 Cal.4th at 877, 39 Cal.Rptr.2d 824, 891 P.2d 804. Rather, Park West "obtained only an interim victory, based on [Bautista's] having attempted to pursue [her] claims in the wrong forum." *In re Estate of Drummond,* 149 Cal.App.4th 46, 51, 56 Cal.Rptr.3d 691 (2007). As Park West's counsel conceded at oral argument, Bautista still could assert her contract

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

claims in another forum such as Michigan, where Park West is incorporated. The district court therefore had "a sound basis for a discretionary finding that neither party prevailed on the contract." *Id.* at 54, 56 Cal.Rptr.3d 691. In light of that finding, the district court properly denied attorney's fees.

The district court denied Park West costs because it held that Park West did not submit any costs that were recoverable by statute. Park West does not dispute that it did not submit costs recoverable by statute. Instead, it argues that it is entitled to costs pursuant to the contract as a prevailing party. Because the district court did not err in concluding that Park West was not a prevailing party, it did not err in denying costs.

**AFFIRMED.**